*SPRINGMYER ET·AL. V. STATE EX REL. BOWLER.

RIGHT TO TAP SEWER OF ONE WHO DID NOT CONTRIBUTE TO BUILDING.

A sewer was constructed in Annie alley, a public street in the city of Cincinnati, by private parties, and given to the city. L. F. B. owned property abutting on the street. She did not contribute to the building of the sewer.     The board of public works of said city refused to permit her to tap said sewer, unless she first paid eighty dollars. Ten dollars was the usual charge for a permit. *Held:*
1. That the sewer was a public sewer, and that L. F. B. had the right to tap it on the payment of the usual fee for a permit.
2. That under section 2402, Revised Statutes, the B. P. W. had no right to charge more than the usual fee provided by ordinance of council.
3. That mandamus is the proper remedy.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

In the court of common pleas an action was brought by the state on relation of Louisa F. Bowler, praying for a writ of mandamus against the members of the board of public works of said city. The petition set out: That relatrix was the owner of certain real estate abutting on Annie alley; that there was a public sewer in said alley; that on a certain day she made due and proper application to said board for a permit to tap and make connection with said sewer for the purpose of drainage, and that afterwards the same was granted; that afterwards she made proper demand for said permit, and tendered the proper charge, to-wit, $10; that thereupon said defendants refused to issue said permit unless relatrix should pay $80; she says that she cannot tap said sewer without said permit, and that said requirement that she first pay $80, is contrary to the laws of Ohio, wherefore she prays for a writ of mandamus.

To this defendants filed a demurrer, which was overruled; and afterwards defendants filed an answer, in which they set out that they admitted the granting of said permit, but say it was reconsidered, because said relatrix refused to pay the charge of two dollars per front foot, or eighty dollars for her lot of forty feet, which by the rules and regulations of the board is assessable against said relatrix before she can tap said sewer.     Defendants then set out such rule, which is as follows:  " That parties desiring to tap any sewer located in a district adjoining that one in which the property to be drained is situated, be required to pay the sum of $2 for each front foot of such property for the privilege of putting in such private drains."

They further say that said property is not in the sewer district in which the sewer in Annie alley is situated, but is in another.

Defendants further say that as to said relatrix, said sewer is not a public sewer; that it was built by private property owners abutting on said street, and then given to the city   and that to permit said relatrix to tap said sewer, without paying the $80, would work gross injustice to said builders of said sewer, and to that extent would divert said gift from said city.

The court below gave judgment for the relatrix.

The facts are nearly all stated in the petition and answer of the parties, and as to the facts there is no dispute between the parties, the only question being one as to the law applicable to them.

---

*The judgment in this case was affirmed by the Supreme Court, without report, April 15, 1890.   Followed in State ex rel. Durner v. Graydon, et al., *post.*

It is also admitted that the board of public works have all the powers granted by the different sections of the statute to sewer commissioners and the board of public improvements.

It is also admitted that the $10 tendered by relatrix is the usual license fee for tapping sewers as provided by ordinance of council.

Section 2187 provides "that the board shall supervise the cleaning, repairing and improving of sewers, drains, ditches," etc.

Section 2188: "It may adopt such rules and regulations for its government, as it may deem necessary and expedient to effect the purpose of its organization, not inconsistent with the ordinances of the corporation, or constitution, or laws of the state."

Sections 1366 and 2370 provide for a sewerage system to be planned by districts

Section 2380 provides that a lot not needing drainage, or which has been provided with such drainage, shall not be assessed.

Section 2402 provides: "Parties owning property abutting upon a street or public highway, in or through which a public sewer or drain is constructed, shall have the privilege of tapping and using such sewer or drain for the purpose of draining their premises, under such rules and regulations as may be prescribed by the board, and the council may, by ordinance, require persons contracting to build such house connections to procure a license from the board, and may charge therefor such sum as may be deemed just.".

Section 2384 provides that in no case shall the assessment exceed $2 per front foot.

In the first place, we have no doubt that this sewer in Annie alley is a public sewer within the meaning of section 2402. The fact that it was built by private parties and given to the city, could make no difference; when it became the property of the city, it was as much public property as if built by the city, and the city could not say to a citizen, you cannot use this sewer because you did not contribute to its construction. Although built by private donations, it was built for a public purpose, and must forever remain to the public use. If a public sewer, clearly, under this section, the relatrix has the right to tap it under such rules and regulations as may be prescribed by the board, and upon the payment of such sum for a license as may be deemed just.

Of course such rules and regulations must be reasonable rules, and such as contemplated by the statute.

Was the rule that the relatrix should pay $2 per front foot such a rule? We think not. It is in effect an assessment, and the highest allowed by law. As shown by the testimony, it went into the sewerage fund. It was not used to keep in repair or maintain this particular sewer, and, as already shown, it had nothing to do with its construction. But it might be used in the construction of sewers in any other portion of the city. As we read the statute, we find no power of this kind in it.

The rules and regulations contemplated by this section seem to us to be such as would pertain to the use and maintenance of the sewers, and not to the raising of money for the purpose of building sewers. Other sections of the statute make abundant provisions for this.

We think it would not be unjust that such should be the law, but certainly it is not yet within the law, and to the extent that the board has required of the relatrix more than was necessary for the license to tap the sewer, to-wit, $10, we think they have gone beyond their powers.

The performance of the act which the relatrix asked, was enjoined by law on this board, and mandamus will lie.

The judgment of the court below was right and must be affirmed.

Coppock, Cox & Gallagher, for Board.

Kittredge & Wilby, for Mrs. Bowler.